IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2006

## JAMES WESTBROOK v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Gibson County**
**No. H7159     Clayburn Peeples, Judge**

_____

**No. W2005-02459-CCA-R3-PC  - Filed May 4, 2006**

_____

The petitioner, James Westbrook, appeals the dismissal of his petition for post-conviction relief, arguing that his trial counsel was ineffective for failing to file a motion to suppress evidence and for failing to call his codefendant as a witness at trial. Following our review, we conclude that the petitioner has failed to meet his burden of demonstrating either a deficiency in counsel's performance or resulting prejudice to his case. Accordingly, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellant, James Westbrook.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Garry G. Brown, District Attorney General; and Jerald M. Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On September 20, 2002, a Gibson County jury convicted the petitioner of possession of .5 grams or more of cocaine with the intent to sell or deliver, a Class B felony. The trial court subsequently sentenced him as a Range II, multiple offender to a $3000 fine and twelve years in the Department of Correction. This court affirmed the petitioner's conviction on appeal, but remanded to the trial court for the empaneling of a jury to fix the fine. State v. James Curtis Westbrook, No. W2003-00163-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 1131, at *29 (Tenn. Crim. App. Dec. 19, 2003), perm. to appeal denied (Tenn. May 10, 2004). After remand, an amended judgment was

entered reflecting that the petitioner had been assessed a $5000 fine, which the trial court waived due to the petitioner's indigent status.

The proof at trial established that the petitioner's arrest arose as the result of a tip from a confidential informant, who reported to West Tennessee Violent Crime and Drug Task Force agents that the petitioner was selling cocaine from a residence located at 364 Jim Jackson Road in rural Gibson County. Id. at **7-8. The home, where the petitioner had been residing for two or three weeks prior to his arrest, was owned by L.J. Woodruff, the father of the petitioner's girlfriend and codefendant, Darlene Echols. Id. at **3-6. On March 15, 2002, drug task force agents went to the home to execute a search warrant, saw the petitioner leaving the residence, and followed him to Humboldt where they stopped him, placed him under arrest, and escorted him back to the residence. Id. at **3-4. Among the items uncovered in the search were an assortment of drug paraphernalia found throughout the home; a "drug ledger," used to record the sale of crack cocaine, seized from the petitioner's bedroom; and a bag containing 4.7 grams of crack cocaine hidden underneath some sheets of tin located approximately seventy yards behind the residence. Id. at **4-6. Footprints in the mud leading from the rear of the house to the location where the cocaine was hidden matched the tread on the petitioner's shoes. Id. at *6. In addition, Woodruff testified that prior to the agents' arrival he saw the petitioner cutting on a plate what appeared to be cocaine. He stated that he told the petitioner to remove the substance from his house and that the petitioner placed the material in a plastic bag and left through the back door. Id. at **6-7.

On October 6, 2004, the petitioner filed a *pro se* petition for post-conviction relief. Among other claims, the petitioner alleged he was denied the effective assistance of trial counsel due to counsel's failure to file a motion to suppress evidence obtained as the result of his allegedly illegal stop, arrest, and search and counsel's failure to call Echols as a defense witness at his trial. Post-conviction counsel was subsequently appointed, and on August 26, 2005, an evidentiary hearing was held at which the petitioner's trial counsel was the only witness.

Trial counsel testified he was licensed to practice law in Tennessee and was appointed to represent the petitioner in his drug case. He said he conducted discovery, reviewed the drug task force's drug manual, and went over the contents of the petitioner's file with the district attorney's office. Based on his expertise, he saw no legal basis to file a motion to suppress. As he recalled, the search warrant specifically covered the person of the petitioner as well as the premises and property. However, he did file a motion in limine to exclude the evidence relating to the petitioner's footprints, as well as various other pretrial motions, including one seeking the disclosure of the identity of the confidential information. Trial counsel testified that he discussed all these issues with the petitioner. He stated there was evidence against the petitioner in addition to the cocaine uncovered behind the house, including statements by L.J. Woodruff and Darlene Echols that placed the petitioner inside the house in possession of cocaine. Trial counsel said he reviewed with the petitioner the plea bargain offered by the State, but the petitioner elected to go to trial.

At the conclusion of the hearing, the post-conviction court made oral findings of fact that trial counsel was "fully competent" in his representation and that his representation "exceeded the

standard normally considered to be adequate in Tennessee." Thereafter, on October 6, 2005, the post-conviction court entered a written order dismissing the petition for post-conviction relief.

## ANALYSIS

The petitioner appeals the dismissal of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that trial counsel provided effective representation. Specifically, he argues on appeal that trial counsel was deficient for failing to file a motion to suppress "for the stop, arrest and transportation of the [petitioner]" and for failing to call Ms. Echols as a witness at his trial. The State argues that the post-conviction court properly dismissed the petition. We agree with the State.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998).

The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999). To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel' errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S. Ct. at 2064.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S.

at 688, 104 S. Ct. at 2065; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

Initially, we note that the post-conviction court's order denying the petition contains no findings of fact or conclusions of law. Following a post-conviction hearing, a post-conviction court is required to enter written findings of fact and conclusions of law addressing all grounds for relief. See Tenn. Code Ann. § 40-30-111(b) (2003); Tenn. Sup. Ct. R. 28, § 9(A). However, given the narrow scope of the issue on review and the fact that the post-conviction court made sufficient oral findings from the bench, we conclude that the lack of written findings of fact and conclusions of law in this case is harmless. See Tenn. R. App. P. 36(b).

The post-conviction court made the following findings of fact and conclusions of law from the bench:

> I find that [trial counsel] was fully competent in representing [the petitioner]; that his representation not only met but exceeded the standard normally considered to be adequate in Tennessee. I find that the [petitioner's] complaints regarding the legality of both the stop and the search to be without legal merit. I find [trial counsel] fully explored all avenues of defense and all settlement possibilities and that his representation fully complied with requirements of both statutory and case law.

We conclude that the record fully supports the post-conviction court's finding that the petitioner failed to show he was denied the effective assistance of counsel. On appeal, the petitioner bases his ineffective assistance claim solely on counsel's failure to call Echols as a witness or to file a motion to suppress the petitioner's "stop, arrest and transportation" to the residence. Trial counsel, however, testified that he had no legal basis for the motion to suppress and that the search warrant specifically named the petitioner as a person to be searched. The search warrant, which was made an exhibit to the hearing, reveals that trial counsel's memory was accurate. Furthermore, Echols' statement to the police, which was also made an exhibit to the hearing, does not support the petitioner's claim that she would have been a beneficial witness at his trial. The statement reveals that Echols told investigators that the drugs found in her father's room belonged to her father but that the drugs found in the back of the house belonged to the petitioner. We also note that the petitioner did not call Echols as a witness at the evidentiary hearing. As such, he cannot meet his burden of showing that he was prejudiced as a result of trial counsel's failure to call her as a witness at his trial. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (stating that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing. As a general rule, this is the only way the petitioner can establish that . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner.").

## CONCLUSION

We conclude that the petitioner has not met his burden of showing that he is entitled to post-conviction relief on the basis of ineffective assistance of counsel.  Accordingly, we affirm the dismissal of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE